Rex Hwang (SBN 221079)
rhwang@skiermontderby.com
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, CA 90071
Telephone: (213) 788-4500
Fax: (213) 788-4545

Bob Kasolas, Esq.
(*pro hac vice* to be filed)
bkasolas@bracheichler.com
Jonathan D. Bick, Esq.
(*pro hac vice* to be filed)
jbick@bracheichler.com
Konstantine G. Paschalidis, Esq.
(*pro hac vice* to be filed)
kpaschalidis@bracheichler.com
Eric J. Boden, Esq.
(*pro hac vice* to be filed)
eboden@bracheichler.com
**BRACH EICHLER, LLC**
101 Eisenhower Parkway, Suite 201
Roseland, New Jersey 07068
Telephone: (973) 225-5700
Fax: (973) 618-5585

*Attorneys for Plaintiff,*
*EVERYTHING YOGURT BRANDS,*
*LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| EVERYTHING YOGURT BRANDS, LLC, | Case No. 2:23-cv-06526 |
| Plaintiff(s), | **COMPLAINT FOR:** |
| v. | [1] TRADEMENT INFRINGEMENT [15 U.S.C. § 1114] |
| JONATHAN ROLLO, GREENLEAF GOURMET CHOPSHOP LLC, GREENLEAF OPERATIONS LLC, and MISSION YOGURT INC., | [2] FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125] |
| Defendant(s). | [3] FEDERAL TRADEMARK DILUTION [15 U.S.C. § 1125] |
| | [4] UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200] |
| | [5] DILUTION [CAL. BUS. & PROF. CODE § 1433] |
| | [6] FALSE ADVERTISING [CAL. BUS. & PROF. CODE § 17500] |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

1.     Plaintiff EVERYTHING YOGURT BRANDS, LLC ("EYB"), by its attorneys and for its Complaint against Defendants Jonathon Rollo, Greenleaf Gourmet Chopshop LLC, Greenleaf Operations LLC, and Mission Yogurt Inc. (collectively, "Defendants"), alleges and states as follows:

## NATURE OF THE CASE

2.     This action is based on Defendants' present and intended future infringement of EYB's registered trademarks.

3.     Defendants are operating health-focused restaurants under the name "Greenleaf Gourmet Chopshop LLC" ("Greenleaf CS") and "Greenleaf Kitchen + Cocktails ("Greenleaf KC") in a manner that is likely to create confusion with EYB's federally registered trademarks for "Green Leaf's" and "Green Leaf's Beyond Great Salads," that EYB uses in connection with its health-focused restaurants.

4.     Critically, Defendants are imminently planning to open a Greenleaf KC in John Wayne Santa Ana Airport, which is likely to create confusion with EYB's lawful use of its trademarks in other airports across the country.

5.     Defendants' current and future operations infringe EYB's federally-registered trademarks and, as described herein, have caused, continue to cause, and are certain to cause confusion, mistake, and/or deception to the public and constitute willful and deliberate trademark infringement.

6.     Therefore, EYB brings this lawsuit to remedy the substantial and irreparable harm caused by Defendants' infringing restaurant name.  Accordingly, EYB seeks injunctive relief.  In addition, EYB is entitled to damages, attorneys' fees and costs on account of Defendants' misconduct.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because this case arises under the trademark laws of the United States, 15 U.S.C. § 1051 et. seq.  Specifically, this is an action for federal trademark

infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for related state claims of unfair competition, dilution, and declaratory relief. The Court has jurisdiction over the subject matter of the related state claims pursuant to Section 1338(b) because those claims are joined with substantial and related claims brought under the Lanham Act and this Court's pendent jurisdiction.

8.     Defendants are subject to personal jurisdiction in the State of California because they reside or are located in California, have offices in California, and/or conduct substantial business operations in this judicial district.

9.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions, tortious acts, and injuries that give rise to this action occurred in this judicial district. Specifically, the trademark infringement and unfair competition are occurring in cities and towns in this judicial district, by and through Defendants' use, sales, and advertisement of infringing marks in this judicial district, including, but not limited to, through the Internet, and through Defendants' imminent operation of a restaurant with an infringing name in the John Wayne Santa Ana Airport, in Santa Ana, California.

**PARTIES**

10.     Plaintiff EYB is a Delaware limited liability company, and resides at 25 Washington St., Morristown, NJ 07960. EYB is a franchisor of Green Leaf's health-focused restaurants located throughout the country, including in several airports. At all relevant times, EYB is the registered owner of two federal trademarks related to its "Green Leaf's" restaurants.

11.     Upon information and belief, Defendant Jonathan Rollo ("Rollo") resides at 346 N. Las Palmas Ave., Los Angeles, CA 90004. Rollo is the purported founder of defendant Greenleaf's Gourmet Chopshop LLC, which is located at 1888 Century Park E, Los Angeles, California 90067.

12.     Defendant Greenleaf CS is a California Limited Liability Company with its principal place of business at 1239 Abbot Kinney Boulevard, Venice, California 90291. Upon information and belief, defendant GLCS is not registered with the California Secretary of State, despite claiming to be an LLC.

13.     Defendant Greenleaf Operations, LLC ("GOPS") is a California Limited Liability Company with its principal place of business at 1888 Century Park E, Los Angeles, California 90067.  Upon information and belief, GOPS was created to take over operational control from GLCS.

14.     Defendant Mission Yogurt, Inc. ("Mission"), is a Colorado Limited Liability Company with its principal place of business at 10943 Meade Wy, Westminster, Colorado 80031.  Mission is a known competitor of EYB in the airport space.

15.     Upon information and belief, Defendants may have used other entities to operate and/or market their infringing businesses. Plaintiff will amend this Complaint to name those entities when they are discovered.

## FACTS

**I.      Plaintiff's Asserted Trademarks**

16.     EYB is the exclusive owner of the federally registered trademark for "GREEN LEAF'S" with Registration No. 2,355,304, Serial Number 75-777,343, first used in commerce on December 1, 1997 and filed on August 17, 1999, under Class 42: Restaurants ("Green Leaf's Mark"). A true and accurate copy of Green Leaf's trademark registration is attached hereto as **Exhibit A**.

17.     While the Green Leaf's Mark was initially filed in 1999 as "Green Leaf's Grille," EYB filed a Section 7 Request for an amendment to change the mark to "Green Leaf's, which the USPTO accepted on October 31, 2019. A true and accurate copy of the October 31, 2019 Notice of Acceptance from the USPTO is annexed hereto as **Exhibit B**.

18.     The Green Leaf's Mark is incontestable, per the August 4, 2005 Notice of Acknowledgement from the USPTO acknowledging that EYB filed a Section 15 Affidavit that met the requirements of Section 15 of the Trademark Act.  A true and accurate copy of the August 4, 2005 Notice of Acceptance from the USPTO is annexed hereto as **Exhibit C**.

19.     EYB also owns the trademark for "GREEN LEAF'S BEYOND GREAT SALADS" with Registration Number #3,113,083, first used in commerce on May 17, 2005, and registered on July 4, 2006. ("GLBGS" and together with the Green Leaf's Mark, "Asserted Trademarks").  A true and accurate copy of the Registration Certificate for Green Leaf's Beyond Great Salads is annexed hereto as **Exhibit D**.

20.     GLBGS is incontestable, per the June 11, 2012 Notice of Acknowledgement from the USPTO acknowledging that EYB filed a Section 15 Affidavit that met the requirements of Section 15 of the Trademark Act.  A true and accurate copy of the June 11, 2012 Notice of Acceptance from the USPTO is annexed hereto as **Exhibit E**.

21.     EYB is a franchisor that assigns franchisees the rights to use the Asserted Trademarks to operate Green Leaf's restaurants.  There are currently Green Leaf's locations in California, Colorado, Florida, Louisiana, Maryland, Nevada, New Hampshire, New York, Pennsylvania, Texas, Tennessee and Virginia.

22.     EYB has historically had a presence in airports across the country.  EYB opened its first Green Leaf's airport location in 1999 at Newark Liberty International Airport.  Since then, EYB has opened Green Leaf's restaurants at Dulles International Airport, VA, Raleigh-Durham International Airport, NC, Philadelphia International Airport, PA, Indianapolis International Airport, IN, Cleveland Hopkins International Airport, OH, Albany International Airport, NY, Monterrey International Airport, Mexico, Guadalajara Airport, Mexico.

23.     Airports select restaurants through a competitive bidding process, which gives the winning bidder the right to operate in that airport, but only for a finite period of time.

24.     There are currently Green Leaf's locations in Orlando International Airport and LaGuardia Airport.

25.     EYB has been increasingly focused on growing the airport presence of Green Leaf's, because Green Leaf's airport revenues have grown dramatically, if not exponentially in recent years.

26.     Green Leaf's restaurants all have signage bearing at least one of the Asserted Trademarks.  The logo always includes the words "Green Leaf's" with a picture of a green leaf.  As seen in the screenshot below on the left, the signage for the "Green Leaf's" location at LaGuardia Airport contains the trademark "Green Leaf's" with a leaf as the apostrophe, and a description of the items for sale: salads, smoothies, and sandwiches.  The Orlando Airport location, depicted below on the right, includes both of the Asserted Trademarks.

**<u>LaGuardia Airport</u>**          **<u>Orlando Airport</u>**



27.     For over twenty years, EYB's Green Leaf's restaurants have offered health-conscious salad and sandwich options.

**II.    Rollo Knew Greenleaf CS Causes Confusion With the Asserted Trademarks**

28.     On February 11, 2008, Rollo filed an application for "GREENLEAF GOURMET CHOP SHOP" with the USPTO, with serial number 77394168. A true and accurate copy of a confirmation of Rollo's application is attached hereto as **Exhibit F**.

29.     On May 22, 2008, the USPTO rejected Rollo's application for "GREENLEAF GOURMET CHOP SHOP" because of "a likelihood of confusion with" EYB's Asserted Trademarks. A true and accurate copy of the USPTO's Office Action denying the trademark applications of defendant Rollo is attached hereto as **Exhibit G**.

30.     Thereafter Rollo and Greenleaf CS abandoned their attempt to federally trademark Greenleaf CS, and the UPSTO issued a notice of abandonment dated December 18, 2008. A true and accurate copy of the respective USPTO Notice of Abandonment for both of defendant Rollo's rejected marks is collectively attached as **Exhibit H**.

31.     Rollo therefore knew that Greenleaf CS and Greenleaf KC are likely to cause confusion with the Asserted Trademarks.

32.     Nonetheless, Rollo registered the mark, "Greenleaf Gourmet Chopshop," with the State of California on June 22, 2009, under California Registration No. 65661, under the class for restaurants, just like EYB's Green Leaf's Mark. A true and accurate copy of the State of California trademark from April 2009 is attached as **Exhibit I**.

33.     In 2019, unbeknownst to EYB, defendant Rollo applied for another trademark with the State of California for "Greenleaf Kitchen and Cocktails" ("Greenleaf KC") that is even more similar Plaintiff's Asserted Trademarks.

34.     Defendants' new infringing logo, imaged below, has the word "greenleaf" with the letter "a" made of leaves. A true and correct copy of the 2019

application and exhibit containing the menu and franchising information is attached as **Exhibit J**.



35.   Greenleaf KC advertises a menu that prominently features salads and sandwiches, just like EYB's Green Leaf's. *Id.*

36.   35.   That Greenleaf KC offers similar food options as Green Leaf's increases the likelihood of confusion between Defendants' operations and EYB's Asserted Trademarks.

**III.   Defendants Nonetheless Infringed the Asserted Trademarks**

37.   In March of 2009, after learning that Rollo was operating two businesses under the name "Greenleaf Gourmet Chop Shop" in the greater Los Angeles area, EYB served Rollo and Greenleaf CS with a cease and desist letter because of the likelihood of confusion with Plaintiff's Asserted Trademarks.

38.   In March of 2009, following receipt of EYB's cease and desist letter, Rollo verbally agreed to refrain from opening any additional locations of "Greenleaf Gourmet Chop Shop" but would continue operating the two then-open locations in the greater Los Angeles area.  Rollo explicitly assured EYB that he had no intention of opening a "Greenleaf" restaurant in any airports.

39.   EYB refrained from pursuing a trademark infringement action based on Rollo's agreement and representations.

40.   EYB wrote a letter to Rollo's counsel, dated April 6, 2009, indicating that EYB "will continue to monitor Mr. Rollo's use of the Greenleaf's mark," and

"expressly reserves its rights in connection with this matter." A true and accurate copy of the April 6, 2009 letter is annexed hereto as **Exhibit K.**

41. Rollo and Greenleaf CS nonetheless opened at least three more Greenleaf CS locations, in violation of their oral agreement with EYB.

42. Most, if not all of Defendants' locations use exterior signage that solely includes the word "Greenleaf" with the letter "a" comprised of green leaves, as seen in the screenshot below. Defendants' logo is confusingly similar to Plaintiff's Asserted Trademarks and Plaintiff's signage at the Green Leaf's in LaGuardia Airport, also shown below.

**<u>Defendants' Infringing Signage</u>**



**<u>Authorized Use of EYB's Asserted Trademark at LaGuardia Airport</u>**



43.   Rollo and Greenleaf CS's operations have caused actual confusion with EYB's Asserted Trademarks.

44.   Within the last year, EYB's New Jersey office received correspondence from a disgruntled customer of Rollo's Venice, California Greenleaf KC location.

45.   EYB has also received phone calls from customers of Rollo's Greenleaf CS and/or Greenleaf KC locations.

46.   Defendants are certain to create even more confusion.  Defendants sold the franchise naming rights for Greenleaf KC to EYB's competitor, Mission, for the purpose of opening an infringing Greenleaf KC restaurant at John Wayne Airport in Orange County, California ("SNA").

47.   The SNA location is not yet open.  But if the location does open, it will be the first restaurant that infringes Plaintiff's Marks in the airport space.

48.   Upon learning that Rollo and Greenleaf CS were seeking to franchise a restaurant with an infringing name to EYB's competitor in the airport space, EYB sent cease and desist letters to Defendants.

49.   The airport space is a unique market for numerous reasons, including, but not limited to the fact that airport consumers dwell around retail and food outlets, and are thus exposed to trademarks and restaurant names for extended periods of time while they wait for a flight.

50.   The airport space is critical to EYB's "Green Leaf's" restaurants and the value of the Asserted Trademarks.  Indeed, revenue from the Green Leaf's restaurants in LaGuardia Airport and Orlando International Airport has grown at a rapid pace, and EYB expects its airport revenue will continue to grow substantially through at least 2024.

51.   If Defendants' infringement is allowed to continue, the value of EYB's Asserted Trademarks, and EYB itself, will be irreparably harmed.

## COUNT I

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(a))

52.     EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

53.     EYB has used its federally registered Asserted Trademarks continuously in commerce since at least the year 1997 to distinguish the health-conscious, salad and sandwich offerings sold by EYB's Green Leaf's restaurants.

54.     Nonetheless, Defendants have opened Greenleaf CS and Greenleaf KC restaurants, which are also health-conscious, salad and sandwich focused restaurants, in a manner that is likely to cause confusion, mistake, or deception with EYB's Asserted Trademarks, which EYB has used to distinguish its offerings for nearly twenty-six years, in violation of 15 U.S.C. §1114(a).

55.     Defendants' plans to imminently open a Greenleaf KC in the John Wayne Santa Ana Airport, using signage that is confusingly similar to the Asserted Trademarks and EYB's signage in LaGuardia Airport, also violates 15 U.S.C. §1114(a).

56.     Defendants' trademark infringement is deliberate, willful, malicious and is committed with the intent to cause confusion and mistake, because Rollo and Greenleaf CS were already informed by the USPTO that the infringing restaurant names and signage are likely to cause confusion with EYB's Asserted Trademarks.

57.     Plaintiff EYB has requested that Defendants cease and desist from their infringing acts, but Defendants have not complied.

58.     Worse, Defendants deliberately misled EYB about its intentions to expand its infringing activities, through Rollo's 2009 agreement to refrain from expanding Greenleaf CS beyond its initial two locations, and to not open a Greenleaf CS in the airport space.

59.     Plaintiff EYB has explicitly informed Rollo that the airport space is critical to EYB and explained why the expansion of Defendants' infringing brand into the airport space is especially damaging to EYB.

60.     Plaintiff EYB has no adequate remedy at law as Defendants continue to develop, advertise, and market their infringing businesses.  Consequently, Plaintiff EYB is suffering and/or is likely to suffer irreparable harm and damage as a result of Defendants' misconduct.

61.     Plaintiff EYB prays for judgment, damages, enhanced damages, attorneys' fees, restitution, an accounting, declaratory relief, and an injunction against Defendants, as set forth below.

## COUNT II

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))

62.     EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

63.     EYB's Asserted Trademarks have become uniquely associated with EYB and its Green Leaf's food offerings, through EYB's continued use of the Asserted Trademarks for nearly twenty-six years, including in the airport space.

64.     EYB has expended significant funds to expand its presence and name recognition in the airport space, including business development, advertisements, signage, and other affirmative acts associated with the competitive bidding process. EYB spends up to $200,000 to prepare and submit a bid for the opportunity to open a restaurant in an airport.

65.     Defendants' use of the name "Greenleaf - Kitchen & Cocktails" and/or "Greenleaf Gourmet Chopshop" in connection with their sale of health-conscious sandwiches and salads is likely to cause confusion, to deceive, or to cause mistake as to Defendants' affiliation, connection, authorization, sponsorship and/or association with EYB, in violation of 15 U.S.C. § 1125(a).

66.     Consumers are likely to attribute Defendants' use of the Asserted Trademarks as a source of origin, authorization, and/or sponsorship for the food that Defendants sell in the erroneous belief that Defendants are authorized by or associated with EYB, when they are not.

67.     Defendants' actions are intentional and willful, insofar as the USPTO has already informed Rollo and Greenleaf CS that Defendants' restaurant name is likely to cause confusion with the Asserted Trademarks.

68.     Plaintiff has no adequate remedy at law as Defendants have refused EYB's demands to discontinue use of the name "Greenleaf" in any form, including at John Wayne Santa Ana Airport.

69.     Accordingly, Plaintiff EYB is suffering and/or is likely to suffer irreparable harm and damages as a result of the aforementioned acts of Defendants in an amount that is yet to be ascertained.

70.     Plaintiff EYB prays for judgment, damages, enhanced damages, restitution, attorneys fees, an accounting, declaratory relief, and an injunction against Defendants, and each of them, as set forth below.

## COUNT III

## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(a))

71.     EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

72.     Defendants have, in connection with the advertising, distribution and operation of its "Greenleaf" restaurants, used marks that are confusingly similar to EYB's Asserted Trademarks, thereby diluting the distinctive quality of the Asserted Trademarks and the goodwill associated with such marks.

73.     EYB's Asserted Trademarks are famous as a result of EYB's extensive advertising and long-time operation of its "Green Leaf's" restaurants, including at airports.

74.     Defendants have used, and continue to use, marks and logos that are confusingly similar to EYB's Asserted Trademarks after the Asserted Trademarks were already famous.

75.     Defendants knowingly traded on the fame and reputation of EYB's Asserted Trademarks, as evidenced by their conduct following notice by the USPTO that Defendants' language is likely to cause confusion with the Asserted Trademarks.

76.     Defendants' actions have diluted and continue to dilute, blur, and tarnish the strong and positive associations represented by EYB's Asserted Trademarks and diminish EYB's ability to distinguish its restaurants through the Asserted Trademarks.

77.     Plaintiff EYB prays for judgment, damages, enhanced damages, restitution, an accounting, declaratory relief, attorneys' fees, and an injunction against Defendants, and each of them, as set forth below.

## COUNT IV

## UNFAIR COMPETITION (Cal. Business & Professions Code §§ 17200 et. seq.)

78.     EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

79.     Defendants' use of a mark that is confusingly similar to EYB's Asserted Trademarks in the same industry of health-conscious dining, and in the niche airport space, constitutes unfair competition in violation of California Business and Professions Code §§ 17200 et seq.

80.     EYB federally registered and has used its Asserted Trademark for "Green Leaf's" to market its salad and sandwich focused restaurants long before any Defendant operated a Greenleaf CS or Greenleaf KC.  EYB has continuously used the Asserted Trademarks, and expanded the use of said marks, since 1997, including in airports across the country.

81.    Defendants are unfairly competing with EYB by trading on EYB's federally-registered Asserted Trademarks in the airport sector which EYB has historically had a presence in, and is actively seeking to expand further into.

82.    Defendants' use of its "Greenleaf" names after being informed by the USPTO that they cause confusion with EYB's Asserted Trademark and after EYB asked Rollo and Greenleaf CS to cease and desist any such infringing use, constitutes unfair competition and demonstrates Defendants' willfulness.

83.    EYB has been damaged as a direct and proximate result of Defendants' unfair and/or illegal conduct.   These wrongful acts have proximately caused, and will continue to cause, substantial injury to EYB, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its Asserted Trademarks.  Defendants' actions will cause imminent irreparable harm and injury to EYB, in an amount that will be difficult to ascertain.

84.    Plaintiff EYB is entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to EYB.

85.    Plaintiff EYB prays for judgment, damages, restitution, and injunctive relief against Defendants, and each of them as set forth below.

## COUNT V

## DILUTION (California Business & Professions Code §§ 14330 et seq.)

86.    EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

87.    EYB has continuously done business and sold products using the federally registered trademark "Green Leaf's" since at least the year 1997, including in its advertising and logos for the "Green Leaf's" restaurants.

88.     EYB has established valuable goodwill in the "Green Leaf's" name, and the marks have come to be associated with EYB's salad and sandwich restaurant throughout the country.

89.     Defendants have, in connection with the advertising and operation of Greenleaf's KC and Greenleaf's CS salad and sandwich restaurants, used marks that are confusingly similar to EYB's asserted trademarks, thereby diluting the distinctive quality of EYB's marks and the goodwill associated with such marks.

90.     Defendants have acted with knowledge of the fame and reputation of EYB's "Green Leaf's" brand and EYB's corresponding famous trademarks, to usurp the goodwill, fame and reputation associated with EYB and its marks, as well as to willfully and intentionally confuse, mislead and deceive members of the public by such use.

91.     Defendants' actions have and continue to dilute, blur, and tarnish the strong and positive associations represented by EYB's Asserted Trademarks, and diminishes the ability for EYB to identify and distinguish EYB and its "Green Leaf's" restaurants through the Asserted Trademarks.

92.     Defendants' acts are willful and are in violation of California Business & Professions Code §§ 14330 et seq., and Plaintiff EYB has been and continues to be damaged by these acts.

93.     Plaintiff EYB prays judgment, damages, restitution and injunctive relief against Defendants, and each of them as set forth below.

## SIXTH CLAIM FOR RELIEF

### FALSE ADVERTISING (California Business & Professions Code §§ 17500 et seq.)

94.     EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

95.     Defendants were aware of, or should have been aware of, the rights granted to EYB associated with its federally registered Asserted Trademarks, and

that the advertising, promotion, operation and use of the Greenleaf CS or Greenleaf KC restaurants, would mislead consumers and create a likelihood of confusion.

96.    Defendants' use of their confusingly similar "Greenleaf" mark to advertise and promote their restaurants, as well as using such marks with restaurants in the coveted airport space confuses Defendants' restaurant with Plaintiff EYB's "Green Leaf's" restaurants and misleadingly implies that Defendants' restaurants are sponsored by, affiliated with or approved by EYB.

97.    Defendants' actions are willful and constitute false advertising, as they are likely to deceive, confuse, and mislead members of the public in violation of California Business & Professions Code §§ 17500 et seq.  Plaintiff EYB has been and continues to be damaged by these acts.

98.    Pursuant to California Business & Professions Code § 17535, Plaintiff EYB is entitled to injunctive relief, and to an order requiring Defendant to make restitution of all profits that Defendants realized as a result of its false and misleading advertising.

99.    Plaintiff EYB prays for judgment, damages, restitution, an accounting, declaratory relief, and an injunction against Defendants, and each of them, as set forth below.

### SEVENTH CAUSE OF ACTION
### (Declaratory Relief)

100.  EYB realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

101.   Defendants' use of "Greenleaf" is confusingly similar to EYB's "Green Leaf's" federally-registered trademark, as used to distinguish Green Leaf's health-conscious salad and sandwich restaurants.

102.  As the first user of the "Green Leaf's" marks and the owner of the goodwill associated with said marks, Plaintiff EYB alleges that Defendants' use of

"Greenleaf" is a direct infringement of EYB's rights in its Asserted Trademarks and also constitutes unfair competition.

103.    An actual controversy has arisen and now exists between EYB and Defendants concerning their respective rights with regard to EYB's marks and Defendants' marks currently being used in the same marketplace.

104.    Plaintiff EYB desires a judicial determination of its rights and a declaration as to the likelihood of confusion with respect to Defendants' marks.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff EYB may ascertain its rights and duties with regard to its federally registered and incontestable marks.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff EYB prays for relief as against each Defendant as follows:

1.    That Defendants be held to have infringed Plaintiff EYB's rights in the marks "Green Leaf's" and "Green Leaf's Beyond Great Salads" by the use of the mark "Greenleaf Kitchen & Cocktails" and/or "Greenleaf Gourmet Chopshop" in a related and/or competitive business to that of Plaintiff EYB.

2.    That Defendants' use of the mark "Greenleaf" constitutes deceptive and false advertising under federal law.

3.    That Defendants be held to have committed unfair, unlawful and fraudulent business practices in violation of California Business & Professions Code §§ 17200 et seq. and federal unfair competition.

4.    A preliminary and permanent injunction enjoining Defendants as well as their officers, shareholders, agents, servants, employees, attorneys, manufacturers, distributors, wholesalers, sales agents and personnel, successors and assigns, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from using the "Greenleaf" marks and any other marks or logos that are

confusingly similar to EYB's "Green Leaf's" marks and from promoting, restaurants that bear the "Greenleaf" mark or any similar variation thereof, including but not limited to Greenleaf Kitchen & Cocktails or Greenleaf Gourmet Chopshop .

5.     An order directing Defendants to file with this court and serve on Plaintiff EYB's counsel within thirty (30) days after service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

6.     That judgment be entered for Plaintiff EYB and against Defendants for EYB's actual damages, disgorgement of Defendants' profits, attorneys' fees and other sums in accordance with proof.

7.     That Defendants' acts be deemed willful and intentional and enhanced damages and/or penalties be assessed under any and all statutes based on said willful infringement and dilution, including an award of up to treble damages in accordance with 15 U.S.C. § 1117(a).

8.     That the Court issue a declaratory ruling in accordance with the above requests based on the existing controversy between the parties.

9.     An accounting for damages and profits arising from Defendants' unfair competition, trademark infringement, dilution and false advertising.

1    Dated:  August 10, 2023

2    /s/ Rex Hwang
     Rex Hwang (SBN 221079)
     rhwang@skiermontderby.com

3    **SKIERMONT DERBY LLP**
     633 West Fifth Street, Suite 5800

4    Los Angeles, CA 90071
     Telephone: (213) 788-4500
     Fax: (213) 788-4545

5

6    Bob Kasolas, Esq.
     (*pro hac vice* to be filed)
     bkasolas@bracheichler.com

7    Jonathan D. Bick, Esq.
     (*pro hac vice* to be filed)

8    jbick@bracheichler.com
     Konstantine G. Paschalidis, Esq.

9    (*pro hac vice* to be filed)
     kpaschalidis@bracheichler.com

10   Eric J. Boden, Esq.
     (*pro hac vice* to be filed)

11   eboden@bracheichler.com
     **BRACH EICHLER, LLC**

12   101 Eisenhower Parkway, Suite 201
     Roseland, New Jersey 07068

13   Telephone: (973) 225-5700
     Fax: (973) 618-5585

14

15   *Attorneys for Plaintiff,*
     *EVERYTHING YOGURT BRANDS, LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## JURY DEMAND

Plaintiff EVERYTHING YOGURT BRANDS, LLC hereby demands a trial by jury.

Dated:  August 10, 2023

/s/ Rex Hwang
Rex Hwang (SBN 221079)
rhwang@skiermontderby.com
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, CA 90071
Telephone: (213) 788-4500
Facsimile: (213) 788-4545

Bob Kasolas, Esq.
(*pro hac vice* to be filed)
bkasolas@bracheichler.com
Jonathan D. Bick, Esq.
(*pro hac vice* to be filed)
jbick@bracheichler.com
Konstantine G. Paschalidis, Esq.
(*pro hac vice* to be filed)
kpaschalidis@bracheichler.com
Eric J. Boden, Esq.
(*pro hac vice* to be filed)
eboden@bracheichler.com
**BRACH EICHLER, LLC**
101 Eisenhower Parkway, Suite 201
Roseland, New Jersey 07068
Telephone: (973) 225-5700
Fax: (973) 618-5585

*Attorneys for Plaintiff,*
*EVERYTHING YOGURT BRANDS, LLC*

COMPLAINT