1  Rex Hwang (SBN 221079)
   rhwang@skiermontderby.com
2  **SKIERMONT DERBY LLP**
   633 West Fifth Street, Suite 5800
3  Los Angeles, CA 90071
   Telephone: (213) 788-4500
4  Fax: (213) 788-4545

5  Bob Kasolas (admitted *pro hac vice*)
   bkasolas@bracheichler.com
6  Jonathan D. Bick (admitted *pro hac vice*)
   jbick@bracheichler.com
7  Konstantine G. Paschalidis (admitted *pro hac vice*)
8  kpaschalidis@bracheichler.com
   Eric J. Boden (admitted *pro hac vice*)
9  eboden@bracheichler.com
   **BRACH EICHLER LLC**
10 101 Eisenhower Parkway, Suite 201
   Roseland, New Jersey 07068
11 Telephone: (973) 225-5700
   Fax: (973) 618-5585

12
   *Attorneys for Plaintiff,*
13 *EVERYTHING YOGURT BRANDS, LLC*

14

15                **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
16                     **WESTERN DIVISION**

17

| | |
|---|---|
| EVERYTHING YOGURT BRANDS, LLC, | Case No. 2:23-cv-06526-FMO-JC |
| | **STIPULATED PROTECTIVE ORDER** |
| Plaintiff, | |
| v. | |
| JONATHAN ROLLO, GREENLEAF GOURMET CHOPSHOP LLC, GREENLEAF OPERATIONS LLC, and MISSION YOGURT INC., | Final Pre-Trial Conf. Date: October 4, 2024 |
| | Trial Date: October 22, 2024 |
| Defendants. | [CHANGES MADE BY COURT TO PARAGRAPHS 1, 3, 5.2(b), 6.1, 6.2, 6.3, 7.1, 7.4(c), 8, & 9(c)] |

18
19
20
21
22
23
24
25
26
27
28

1.    <u>PURPOSES, LIMITATIONS AND GOOD CAUSE STATEMENT</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

In light of the nature of the claims and allegations in this case and the parties' representation that discovery in this case will likely involve the production of confidential, proprietary, or private information, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record in this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

2.3    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL"

2.4     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.6     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive confidential information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For clarity this designation may include a Designating Party's (1) non-public financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead, (2) employees' non-public personal information, (3) non-public commercial agreements, including license agreements and franchise agreements; (4) business strategy including but not limited to future business plans.

2.7     <u>"CONFIDENTIAL"</u>: confidential or proprietary information that is not otherwise known or available to the public and is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.8     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating

1  Party. Any use of Protected Material during a court hearing or at trial shall be

2  governed by the orders of the presiding judge.  This Order does not govern the use

3  of Protected Material during a court hearing or at trial.

4  4.   <u>DURATION</u>

5  Even after final disposition of this litigation, the confidentiality obligations

6  imposed by this Order shall remain in effect until a Designating Party agrees

7  otherwise in writing or a court order otherwise directs. Final disposition shall be

8  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

9  or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of time

12  pursuant to applicable law.

13  5.   <u>DESIGNATING PROTECTED MATERIAL</u>

14  5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

15  Each Party or Non-Party that designates information or items for protection under

16  this Order must take care to limit any such designation to specific material that

17  qualifies under the appropriate standards. To the extent it is practical to do so, the

18  Designating Party must designate for protection only those parts of material,

19  documents, items, or oral or written communications that qualify – so that other

20  portions of the material, documents, items, or communications for which protection

21  is not warranted are not swept unjustifiably within the ambit of this Order.

22  Mass, indiscriminate, or routinized designations are prohibited. If it comes to

23  a Designating Party's attention that information or items that it designated for

24  protection do not qualify for protection at all or do not qualify for the level of

25  protection initially asserted, that Designating Party must promptly notify all other

26  Parties that it is withdrawing the mistaken designation.

27  5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in

28  this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in depositions</u>, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and

1   specify the level of protection being asserted. When it is impractical to identify

2   separately each portion of testimony that is entitled to protection and it appears that

3   substantial portions of the testimony may qualify for protection, the Designating

4   Party may invoke on the record (before the deposition is concluded) a right to have

5   up to 21 days to identify the specific portions of the testimony as to which protection

6   is sought and to specify the level of protection being asserted. Only those portions of

7   the testimony that are appropriately designated for protection within the 21 days shall

8   be covered by the provisions of this Protective Order. Alternatively, a Designating

9   Party may specify, at the deposition or up to 21 days afterwards if that period is

10  properly invoked, that the entire transcript shall be treated as "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12          Parties shall give the other parties notice if they reasonably expect a deposition

13  to include Protected Material so that the other parties can ensure that only authorized

14  individuals who have signed the "Acknowledgment and Agreement to Be Bound"

15  (Exhibit A) are present at such deposition.

16          Transcripts containing Protected Material shall have an obvious legend on the

17  title page that the transcript contains Protected Material, and the title page shall be

18  followed by a list of all pages (including line numbers as appropriate) that have been

19  designated as Protected Material and the level of protection being asserted by the

20  Designating Party. The Designating Party shall inform the court reporter of these

21  requirements. Any transcript that is prepared before the expiration of a 21-day period

22  for designation shall be treated during that period as if it had been designated

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

24  otherwise agreed. After the expiration of that period, the transcript shall be treated

25  only as actually designated.

26              (c) for information produced in some form other than documentary and

27  for any other tangible items, that the Producing Party affix in a prominent place on

28  the exterior of the container or containers in which the information or item is stored

1  the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

2  "CONFIDENTIAL." If only a portion or portions of the information or item warrant

3  protection, the Producing Party, to the extent practicable, shall identify the protected

4  portion(s) and specify the level of protection being asserted.

5       5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

6  failure to designate qualified information or items does not, standing alone, waive

7  the Designating Party's right to secure protection under this Order for such material.

8  Upon timely correction of a designation, the Receiving Party must make reasonable

9  efforts to assure that the material is treated in accordance with the provisions of this

10  Order.

11  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

12       6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

13  designation of confidentiality at any time consistent with the District Judge's

14  scheduling order(s). Unless a prompt challenge to a Designating Party's

15  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

16  unnecessary economic burdens, or a significant disruption or delay of the litigation,

17  a Party does not waive its right to challenge a confidentiality designation by electing

18  not to mount a challenge promptly after the original designation is disclosed.

19       6.2   <u>Meet and Confer/Judicial Intervention</u>. The Challenging Party shall

20  initiate the dispute resolution process under Local Rule 37-1, et seq. and shall

21  proceed in accordance with such rules to the extent judicial intervention is sought.

22       6.3   The burden of persuasion in any such challenge proceeding shall be on

23  the Designating Party. Frivolous challenges and those made for an improper purpose

24  (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

25  expose the Challenging Party to sanctions. All parties shall continue to afford the

26  material in question the level of protection to which it is entitled under the Producing

27  Party's designation until the court rules on the challenge.

28  ///

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed; as well as the Expert's direct reports and other support personnel (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

///

1          (c) the court and its personnel, and mediators;

2          (d) court reporters and their staff, professional jury or trial consultants,

3    and Professional Vendors to whom disclosure is reasonably necessary for this

4    litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

5    (Exhibit A); and

6          (e) the author or recipient of a document containing the information or

7    a custodian or other person who otherwise possessed or knew the information.

8          (f) during their depositions, witnesses in the action to whom disclosure

9    is reasonably necessary and who have signed the "Acknowledgment and Agreement

10   to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

11   ordered by the court. Pages of transcribed deposition testimony or exhibits to

12   depositions that reveal Protected Material must be separately bound by the court

13   reporter and may not be disclosed to anyone except as permitted under this Protective

14   Order.

15      7.4   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

16   <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL"</u>

17   <u>Information or Items to Experts</u>.

18          (a) Unless otherwise ordered by the court or agreed to in writing by the

19   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order)

20   any information or item that has been designated "HIGHLY CONFIDENTIAL –

21   ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to paragraph 7.3(b)

22   first must make a written request to the Designating Party that (1) requests permission

23   to disclose to the Expert "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24   ONLY" or "CONFIDENTIAL" information, (2) sets forth the full name of the Expert

25   and the city and state of his or her primary residence, (3) attaches a copy of the

26   Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies

27   each person or entity from whom the Expert has received compensation or funding

28   for work in his or her areas of expertise or to whom the expert has provided

professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within five days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion in accordance with Local Rules 37-1, et seq., seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  the disclosure would entail (under the safeguards proposed) outweighs the

2  Receiving Party's need to disclose the Protected Material to its Expert.

3  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4  IN OTHER LITIGATION

5      If a Party is served with a subpoena or a court order issued in other litigation

6  that compels disclosure of any information or items designated in this action as

7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

8  "CONFIDENTIAL," that Party must:

9      (a) promptly notify in writing the Designating Party. Such notification

10  shall include a copy of the subpoena or court order;

11      (b) promptly notify in writing the party who caused the subpoena or order

12  to issue in the other litigation that some or all of the material covered by the

13  subpoena or order is subject to this Protective Order. Such notification shall include

14  a copy of this Protective Order; and

15      (c) cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may be affected.[2]

17      If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this

19  action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

20  "CONFIDENTIAL" before a determination by the court from which the subpoena

21  or order issued, unless the Party has obtained the Designating Party's permission or

22  unless otherwise required by the law or court order. The Designating Party shall

23  bear the burden and expense of seeking protection in that court of its confidential

24  material – and nothing in these provisions should be construed as authorizing or

25

26  [2] The purpose of imposing these duties is to alert the interested parties to the
27  existence of this Protective Order and to afford the Designating Party in this case an
opportunity to try to protect its confidentiality interests in the court from which the
28  subpoena or order issued.

11

1   encouraging a Receiving Party in this action to disobey a lawful directive from

2   another court.

3       9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

4   PRODUCED IN THIS LITIGATION

5       (a) The terms of this Order are applicable to information produced by a

6   Non-Party in this action and designated as "HIGHLY CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such information produced

8   by Non-Parties in connection with this litigation is protected by the remedies and

9   relief provided by this Order. Nothing in these provisions should be construed as

10  prohibiting a Non-Party from seeking additional protections.

11      (b) In the event that a Party is required, by a valid discovery request, to

12  produce a Non-Party's confidential information in its possession, and the Party is

13  subject to an agreement with the Non-Party not to produce the Non-Party's

14  confidential information, then the Party shall:

15          1.      promptly notify in writing the Requesting Party and the Non-

16  Party that some or all of the information requested is subject to a confidentiality

17  agreement with a Non-Party;

18          2.      promptly provide the Non-Party with a copy of the Protective

19  Order in this litigation, the relevant discovery request(s), and a reasonably specific

20  description of the information requested; and

21          3.      make the information requested available for inspection by the

22  Non-Party.

23      (c) If the Non-Party fails to object or seek a protective order from this

24  court within 14 days of receiving the notice and accompanying information, the

25  Receiving Party may produce the Non-Party's confidential information responsive to

26  the discovery request. If the Non-Party timely seeks a protective order, the Receiving

27  Party shall not produce any information in its possession or control that is subject to

28  the confidentiality agreement with the Non-Party before a determination by the court

1   unless otherwise required by the law or court order.[3] Absent a court order to the

2   contrary, the Non-Party shall bear the burden and expense of seeking protection in

3   this court of its Protected Material.

4   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

6   Protected Material to any person or in any circumstance not authorized under this

7   Protective Order, the Receiving Party must immediately (a) notify in writing the

8   Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

9   all unauthorized copies of the Protected Material, (c) inform the person or persons to

10  whom unauthorized disclosures were made of all the terms of this Order, and

11  (d) request such person or persons to execute the "Acknowledgment and Agreement

12  to Be Bound" that is attached hereto as Exhibit A.

13       11.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR

14  OTHERWISE PROTECTED MATERIAL

15       When a Producing Party gives notice to Receiving Parties that certain

16  inadvertently produced material is subject to a claim of privilege or other protection,

17  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

18  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

19  may be established in an e-discovery order that provides for production without prior

20  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

21  Parties reach an agreement on the effect of disclosure of a communication or

22  information covered by the attorney-client privilege or work product protection, the

23  Parties may incorporate their agreement in a stipulated protective order submitted to

24  the court.

25  ///

26

27  _____

    [3] The purpose of this provision is to alert the interested parties to the existence of
28  confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to
    protect its confidentiality interests in this court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4    Filing Protected Material. Except for trial, all information designated as Protected Information sought to be lodged or filed with the Court, including the Magistrate Judge in a discovery-related proceeding, or any pleading or memorandum purporting to reproduce or paraphrase Protected Information, shall be filed or lodged in accordance with Local Rule 79-5.2.2(b), and the orders and procedures of the Judge and Magistrate Judge on this case, along with an application to the Court or, where applicable, a stipulation requesting such Protected Information be filed under seal.  Such Protected Information shall be labeled as follows: "This Document is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order."  Any Protected Information that enters the public court record following the Court's denial of an application or stipulation to file under seal on the merits thereof, will no longer be considered Protected Information for purposes of this Stipulated Protective Order.

///

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain two (2) archival copies of pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such

///
///
///
///
///
///
///
///
///
///
///
///

1   archival copies that contain or constitute Protected Material remain subject to this
2   Protective Order as set forth in Section 4.
3       **IT IS SO STIPULATED**, through Counsel of Record.
4
5   Dated: March 14, 2024          _/s/ Rex Hwang_
6                                  Rex Hwang, Esq.
                                   Counsel for Plaintiff Everything Yogurt
7                                  Brands, LLC
8   Dated: March 14, 2024          _/s/ David Bloch_
9                                  David Bloch, Esq.
                                   Counsel for Defendants Jonathan Rollo,
10                                 Greenleaf Gourmet Chopshop LLC, &
11                                 Greenleaf Operations, LLC
12
    Dated: March 14, 2024          _/s/ Katherine Keating_
13                                 Katherine Keating, Esq.
                                   Counsel for Defendant Mission Yogurt, Inc.
14
15
16  **IT IS ORDERED** that the foregoing Agreement is approved as modified.
17
18
19  Dated: March 14, 2024          _____/s/_____
20                                 Honorable Jacqueline Choolijian
                                   United States Magistrate Judge
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on March 14, 2024 in the case of *Everything Yogurt Brands, LLC v. Jonathan Rollo, et al.*, Case No. 2:23-cv-06526-FMO-JC. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____  Signature: _____

[signature]

Printed name: _____

[printed name]

City and State where sworn and signed: _____

17

Case No. 2:23-cv-06526-FMO-JC

STIPULATED PROTECTIVE ORDER